[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Having reviewed the pleadings and the evidence, the statutory prerequisites relative to dissolutions, to wit: Conn. Gen. Stat. Secs. 46b-81, 46b-82, 46b-84, 46b-215b, et seq.; as well as the parties' claims for relief, the Court makes the findings and enters the orders set out in this memorandum of decision.
I. FINDINGS
This is the second dissolution action for Victoria and Albert Martone. The parties were married originally in 1980 and divorced in 1982. They remarried on June 14, 1992, and have one child, Ashley M. Martone, born on February 4, 1988. CT Page 3610
On March 3, 1994 Victoria and Albert Martone purchased a house and property known as 61 Skylark Drive in Northford, Connecticut. Victoria Martone's mother gave her $40,000 for use in purchasing the house. Albert Martone's mother contributed $10,000 toward the purchase of the house in the form of a gift to him and his wife.
By agreement of the parties in February of 1988 Albert Martone obtained from Fleet Bank in his name alone a $25,000 line of credit, secured by their house. He used approximately $6,000 to pay the balance due on a car, and approximately $4,000 to pay for household credit card charges and bills. He withdrew approximately $8,500 from the line of credit for his own use after this dissolution action was filed, without obtaining permission from the court.
In 1997 Albert Martone suffered substantial injuries in a motor vehicle accident. His therapeutic regime required seventeen surgeries which resulted in his experiencing chronic pain. After his physician-prescribed medication for pain was reduced Albert Martone began self-medication through the use of illicit drugs, including the use of heroin. He became addicted to heroin, and entered several detoxification centers and programs. The defendant's mother paid at least $17,000 to various drug treatment facilities in an effort to assist her son in his detoxification. Albert Martone's history of detoxification and relapse was recurrent during the parties' marriage. Nevertheless, when not in detoxification centers he worked hard — sometimes holding two full-time jobs. Both parties contributed financially to the support of their household.
On or about December 1, 1999 Albert Martone received $10,950.53 in a financial settlement for his injuries from the 1997 motor vehicle accident. He transferred $10,000 of the funds to his mother in partial repayment of her expenditures on his behalf; and to assist her in paying her bills. The plaintiff was informed of this settlement on January 24, 2000. It should be noted that in November of 1999 — at least two months earlier — the plaintiff voluntarily accepted a reduction in child support to $20.00 per week based upon the defendant's representation of his inability to pay a higher amount.
Defendant Albert Martone has a claim pending from another automobile accident. The value ascribed to this claim is "unknown." CT Page 3611
Victoria Martone was a staunch supporter of her husband's cyclical efforts at drug rehabilitation until sometime in November of 1998 when she discovered his affair with a colleague at his place of employment. The defendant admits and takes full responsibility for having the affair. He moved out of the marital residence in February of 1999.
Plaintiff Victoria Martone attributes the cause of the breakdown of the marriage to defendant Albert Martone's drug use and to his extramarital affair. The marriage has broken down irretrievably.
 II. DISSOLUTION OF MARRIAGE
Inasmuch as the marriage has broken down irretrievably it should be dissolved. Accordingly, the marriage is dissolved and each party is declared single and unmarried.
 III. CUSTODY AND CHILD SUPPORT
The parties shall have joint legal custody of their minor child, Ashley M. Martone, born on February 4, 1998. Ashley shall reside with her mother. The defendant shall have the right of reasonable visitation. However, while exercising visitation the defendant shall not be under the influence of alcohol or illegal drugs.
The defendant shall pay child support in accordance with the Child Support Guidelines of the State of Connecticut. At this time the court orders that the defendant pay $60.00 per week as current support and $18.00 per week toward the liquidation of a child support arrearage in the amount of $649.00.[1] The court also orders that the defendant be responsible for 35 percent of any unreimbursed medical expenses for the child.
IV. ALLOCATION OF ASSETS AND LIABILITIES
 A. ASSETS
 1] Real Property at 61 Sky Lark Drive, Northford
 Assignment and Lien
The Court assigns to plaintiff Victoria Martone the entirety of CT Page 3612 the parties' legal and equitable interest in the premises known as 61 Skylark Drive in Northford, Connecticut, subject to an equitable lien in favor of defendant Albert Martone in the amount of $15,000. Said lien shall bear no interest and shall be discharged by plaintiff Victoria Martone paying said amount to defendant Albert Martone on or before February 4, 2006.
2] Household Personalty
Plaintiff Victoria Martone shall have all title and possession of the personalty at 61 Skylark Drive, Northford, with the exception of the tools which are assigned hereby to defendant Albert Martone.
3] Motor Vehicles
Plaintiff Victoria Martone shall have the Hyundai Elantra motor vehicle listed on her financial affidavit. Defendant Albert Martone shall have the Nissan Pickup listed on the plaintiff's financial affidavit, as well as the Jeep Wrangler listed on his financial affidavit.
4] Defendant Albert Martone's Personal Injury Claim
Defendant Albert Martone shall have the sole interest in his personal injury claim which arose on or about May 11, 1999.
5] Bank Account in Child's Name
Defendant Albert Martone shall transfer to the plaintiff that part of the bank account listed on his financial affidavit as being in their child's name. The account does not exceed $200.00. The plaintiff shall manage said account, and may disburse the funds therefrom for the benefit of the child.
6] Any remaining Assets
Each party shall be the sole owner of the rest and remainder of any other assets listed on her/his financial affidavit.
B. LIABILITIES
 1] First Mortgage at 61 Skylark Drive, Northford
As between the parties plaintiff Victoria Martone shall be CT Page 3613 responsible for paying the first mortgage on premises known as 61 Skylark Drive, Northford, Connecticut. The plaintiff shall indemnify and hold defendant Albert Martone harmless from any claims, demands or suits relative to said first mortgage.
2] Fleet Bank — Equity Credit Line
Defendant Albert Martone shall be solely responsible for and shall make timely payments on the equity line of credit of Fleet Bank, secured on the premises at 61 Skylark Drive in Northford, Connecticut. The defendant shall make no withdrawals from or charges against this credit line, but shall pay off said credit line in full on or before February 4, 2006. The defendant shall at all times hold the plaintiff and said premises harmless as to the liability of this credit line.
3] Remaining Liabilities
Each party solely shall be responsible for any other liabilities listed on his/her financial affidavit, and shall hold the other harmless therefrom.
V. PARENTING EDUCATION PROGRAM
The parties shall participate in the Parenting Education Program, and shall file with the court evidence that the program has been completed satisfactorily.
Each party shall complete the program within 90 days of this order.
VI. ALIMONY
Defendant Albert Martone shall pay to plaintiff Victoria Martone alimony in the amount of $1.00 per year until February 4, 2006.
VII. COUNSEL FEES
Each party shall be responsible for paying her/his respective counsel fees.
Judge Clarance J. Jones CT Page 3614